## Wilson v. Sutton, et al.

(Decided March 21, 1913.)

### Appeal from Whitley Circuit Court.

1. Land—Partition—Intervening Claimant— Deed — Delivery—Evidence—Competency.—In a suit by the grantees under a deed from their grandfather for the partition of the land, where their father intervenes and claims the land under and by virtue of a deed claimed to have been executed by their grandfather to him and the mother of the children,, evidence examined and held insufficient and incompetent to show the delivery of the deed.

2. Evidence—Transactions of Deceased Person—Competency—Subsection 2, Section 606, Civil Code.—Evidence of the grantee in a deed, testifying for himself when the grantor is dead, that the deed was delivered to him by the grantor, is not competent where neither the decedent nor the representative of, nor anyone interested in, his estate had testified against the party claiming under the deed.

3. Champerty.—The possession of a father occupying land with his children either by right of curtesy or by virtue of a deed which he claims was executed and delivered to him and his wife by his

wife's father, or by both the alleged deed and right of curtesy,. is not adverse to his children, who occupy the land with him, and. a deed made to his children by their grandfather is not champer-tous.

4.  Improvements—Claim for—Not Allowed Where Judgment in Other Respects is More Favorable Than Party Claiming Is Entitled to.—Where a party, by a judgment which cannot be re-versed because there is no cross-appeal, is given an interest in and a lien on land greater in value than any just claim he has for improvements, his claim for improvements will be denied.

L. L. PEACE, R. L. POPE for appellant.

R. S. ROSE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,· COMMISSIONER.—Affirming.

On April 30, 1910, John Veach executed and delivered to his grandchildren, John Wilson, Flora Taylor, Florence Sutton, Ansel Wilson, Esther Wilson and George B. McClelland Wilson, a deed to a tract of 150 acres of land in Whitley County, Kentucky, known as the Freeman and Karr farm. Florence Sutton and her husband brought this action against the other children for the purpose of having the land partitioned. James Wilson, father of the grantees in the deed, intervened in the action and asserted title to the land in controversy by virtue of a deed which he claims was executed to him and his wife, Cynthia Wilson, about the year 1900 by John Veach, and thereafter delivered to him. During the progress of the case he also took proof with reference to certain improvements made on the tract in controversy,. and also on a tract of land known as the Mulberry farm, which he claims was swapped by him and his wife for the tract in controversy. On final hearing the chancellor adjudged James Wilson a life interest in $1,000 worth of land, including the mansion house and outbuild-. ings. He ordered the remainder of the land to be divided between his children and the part set apart to James Wilson to be divided on his death. He also adjudged James Wilson a lien on the land in controversy. for the sum of $300, for improvements made by Wilson on what is known as the Mulberry farm. From this judgment James Wilson appeals.

It appears that about twenty years before the institution of this action James Wilson and his wife, Cyn-

thia, were living on the Mulberry farm, which belonged to John Veach, Cynthia Wilson's father. John Veach had simply settled his daughter Cynthia on this tract, but had made no deed either to her or her husband. Thereafter, C. M. Veach, a son of John Veach, desired to swap the Freeman and Karr farm for the Mulberry farm, the understanding being that if James Wilson and his wife would convey the Mulberry farm to C. M. Veach, John Veach would convey the Freeman and Karr farm either to Cynthia Wilson or to Cynthia Wilson and James Wilson. In the month of August, 1900, James Wilson and his wife, by deed duly acknowledged and delivered, did convey the Mulberry farm to C. M. Veach, the consideration being "one dollar in hand paid, the rem. in consideration of exchange of other land on Cumberland River." There is considerable evidence to the effect that a deed covering the Freeman and Karr land was executed by John Veach to James and Cynthia Wilson, and that this deed was frequently seen among the papers of John Veach. The only evidence of any delivery of this deed is the statement of James Wilson himself that John Veach delivered the deed to him, and that he kept it in his possession for about six years, and then returned it to John Veach for safe keeping. On the other hand, the weight of the evidence is to the effect that the deed in question was retained by John Veach and never delivered, and that he frequently expressed his determination that James Wilson should never have the land. Not only is James Wilson's testimony concerning the delivery of the deed to him by John Veach unsatisfactory, but it is incompetent, because at the time he testified for himself John Veach was dead, and neither the decedent nor the representative of nor anyone interested in his estate had testified against Wilson with reference to the transaction in question. Subsection 2, section 606, Civil Code. As Wilson's right to one-half of the land and to a life interest in one-third of the other half depends altogether on the delivery of the deed in question, and there is no satisfactory or competent evidence going to show that the deed was actually delivered, it follows that he is not entitled to assert any interest under and by virtue of the deed. Notwithstanding this fact, however, the chancellor, evidently fixing the value of the Freeman and Karr farm at $3,000, gave Wilson a life interest in one-third thereof, and at the

same time gave him a lien on the Freeman and Karr farm for improvements in the sum of $300 made on the Mulberry farm. Of course, if the deed was not delivered, his wife acquired no title, and therefore he was not entitled to curtesy on her death. Since there is no cross-appeal by the children, we are not at liberty to reverse the judgment in this respect.

But it is insisted that Wilson is entitled to a lien on the land in question to the extent that its vendible value was increased by the improvements which he placed thereon. It appears, however, that some of the material furnished for the improvements was furnished by others, without cost to Wilson, and that some of his children assisted in the labor necessary to make the improvements. As he enjoyed these improvements for several years, and will continue under the decree of the chancellor to enjoy them for the remainder of his life, and has also been given a lien on the land to the extent of $300 for the improvements placed on the Mulberry farm, we conclude that though we have no power to reverse the judgment in this respect, the judgment gives him even more than he is entitled to by virtue of any just claim for improvements made on the land in controversy.

There is no merit in Wilson's claim that the deed to his children is champertous. Whether claiming the land by right of curtesy or by the deed from John Veach, or by both, he and his children occupied the land together, and his possession was in no sense adverse to them.

Judgment affirmed.